IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-10075 |
| | ) | |
| MARLON BEARD, | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF
MOTION FOR NEW TRIAL AND
MOTION FOR JUDGMENT OF ACQUITTAL**

NOW COMES the Defendant, MARLON BEARD, by his Attorney, TIMOTHY J. CUSACK, and, as argument in support of his motion for a new trial or, in the alternative, a judgment of acquittal notwithstanding the jury verdict, states as follows:

1. <u>Jury instruction 13 and 14 should not have been tendered to the Jury as part of their deliberation is this case.</u>  Jury instruction 14 was given over objection to the Jury, even though it dealt with issues never charged by the Government nor indicted by the Grand Jury, nor relevant to the issue presented to the Jury for their deliberation.  The Defendant conceded at trial that he was guilty of drug trafficking and that he possessed the firearm in question in this case.  However, the issue presented to the Jury by the defense was whether that weapon was possessed *"in furtherance of"* his drug trafficking.  Jury instruction 14 defines a criminal offense which the Government conceivably could have charged, yet did not.  Inclusion of this instruction in this case could serve no other means than to prejudice the Jury against the Defendant by informing the Jury that the Defendant was guilty of another criminal offense for which he was never charged and never properly able to defend.  While Jury instruction 13 is included as a limiting instruction, the prejudice caused by the innuendo of instruction 14 cannot be overcome.

2. <u>Jury instruction 16 should not have been tendered to the Jury at the beginning of their deliberations.</u>  Jury instruction 16 is a non-Federal Criminal pattern instruction defining *"in furtherance of"* based in part upon a ruling in <u>United States v. Castillo</u>, 406 F.3d 806, 814-816 (7th Cir. 2005).  The instruction was originally reserved by the Court after the first jury instruction

conference, but was later admitted over objection, and tendered to the Jury at the beginning of their deliberations.  While the defense objects to the instruction as a whole for its prejudicial effect to the Defendant, since it is a non-pattern instruction regarding the definition of the only issue in contention placed before the Jury, the prejudicial effect of such an instruction may have been obviated had this instruction only been given had the Jury indicated the need for a definition of this phrase.  By disallowing the Jury the ability to formulate their own definition of this phrase in light of the evidence presented to them, a right conferred upon a Jury, this instruction instead delineated those specific matters which the Government utilized in their closing arguments to prove their case.  To give the instruction at the beginning of the deliberations, in essence, stamped the Government's argument with a form of credibility which they should not have enjoyed.  While objecting to this instruction being given at all, tendering it to the Jury before they indicated that they needed help on this definition, the only disputed issue in this trial, unduly prejudiced the Defendant from receiving a fair and unbiased verdict.

      WHEREFORE, the Defendant requests this Honorable Court to grant his motion as herein stated, and for such further relief as the Court deems just and appropriate.

      Respectfully submitted,

      MARLON BEARD, Defendant,

By:      /s/T.Cusack
      Timothy J. Cusack, His Attorney