# United States Court of Appeals

## For the Seventh Circuit

Chicago, Illinois 60604

<u>NOTICE OF ISSUANCE OF MANDATE</u>

E-FILED
Monday, 26 June, 2006 11:37:25 AM
Clerk, U.S. District Court, ILCD

DATE:  June 23, 2006

TO:    John M. Waters
       United States District Court
       Central District of Illinois
       Room 309
       100 N.E. Monroe Street
       Peoria, IL  61602

FROM:  Clerk of the Court

RE:    05-3762
       USA v. Beard, Marlon
       04 CR 10075, Michael M. Mihm, Judge

**FILED**
JUN 26 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

[ ] No record filed
[X] Original record on appeal consisting of:

**ENCLOSED:**                                      **TO BE RETURNED AT LATER DATE:**
[1]       Volumes of pleadings                    [ ]
[ ]       Volumes of loose pleadings              [ ]
[1]       Volumes of transcripts                  [ ]
[1 box]   Volumes of exhibits                     [ ]
[ ]       Volumes of depositions                  [ ]
[1]       In Camera material                      [ ]
[ ]       Other_____     [ ]

          Record being retained for use           [ ]
          in Appeal No. _____

Copies of this notice sent to:      Counsel of record
[X]       United States Marshal
[X]       United States Probation Office

**NOTE TO COUNSEL:**
If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

Date: _____    S/ C. LAMBIE
(1071-120397)                            Deputy Clerk, U.S. District Court

**RECEIVED**
JUN 26 2005
U.S. CLERK'S OFFICE
PEORIA, ILLINOIS

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

JUDGMENT- WITHOUT ORAL ARGUMENT

CERTIFIED COPY

Date: June 1, 2006

BEFORE:            Honorable TERENCE T. EVANS, Circuit Judge

                     Honorable ANN CLAIRE WILLIAMS, Circuit Judge

                     Honorable DIANE S. SYKES, Circuit Judge

No. 05-3762

UNITED STATES OF AMERICA,
        Plaintiff - Appellee
  v.

MARLON BEARD,
        Defendant - Appellant

Appeal from the United States District Court for the
Central District of Illinois
No. 04 CR 10075, Michael M. Mihm, Judge

     Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED in accordance with the decision of this court entered on this date.

(1060-110393)

CERTIFIED COPY
A True Copy:
Tester

Clerk of the United States
Court of Appeals for the
Seventh Circuit.



| UNPUBLISHED ORDER |
| --- |
| Not to be cited per Circuit Rule 53 |

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 31, 2006
Decided June 1, 2006

**Before**

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 05-3762 | |
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,* | Appeal from the United States District<br>Court for the Central District of Illinois |
| *v.* | No. 04-10075-001 |
| MARLON BEARD,<br>*Defendant-Appellant.* | Michael M. Mihm,<br>Judge. |

**O R D E R**

Marlon Beard was charged with possessing at least 50 grams of crack with intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(A), and with possessing a gun in furtherance of that offense, 18 U.S.C. § 924(c). He pleaded guilty to the drug offense but elected to take the gun charge to a jury, which found him guilty. The district court sentenced Beard to the mandatory minimum of 120 months on the drug count and a mandatory, consecutive 60 months on the gun count. Beard filed a notice of appeal, but his appointed lawyer now moves to withdraw because she cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). We notified Beard that he could respond to counsel's motion, *see* Cir. R. 51(b), but he has not. Because counsel's supporting brief is

No. 05-3762                                                                                                                                 Page 2

adequate, we review only the potential issues it identifies. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

There is no indication that Beard is interested in having his guilty plea set aside for the drug-possession count, so counsel appropriately avoids any discussion about the adequacy of Beard's plea colloquy or the voluntariness of his plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Counsel instead focuses on whether there is sufficient evidence to support Beard's conviction under § 924(c), and whether Jury Instruction 16 outlines appropriate factors for the jury to have considered in determining whether the gun was possessed in furtherance of a drug crime.

When the sufficiency of the evidence is challenged, we ask whether any rational trier of fact could convict on the evidence presented. *United States v. Carrillo*, 435 F.3d 767, 775 (7th Cir. 2006). Here it would be frivolous for Beard to argue that the government failed to adequately prove that he possessed the gun in furtherance of his drug trafficking. Police officers found the loaded handgun—which had an obliterated serial number—while searching Beard's apartment after the crack sale that led to his arrest. The gun was in easy reach on a shelf in the bedroom closet, near a jacket with Beard's prescription medication in the pocket. And, most importantly, the gun was found a few feet from $8,000 worth of crack that was packaged for sale. We have held that a fact-finder reasonably may infer that a defendant's possession of a gun was intended to "further" his drug operation if he "strategically placed" the gun near a cache of drugs, making the gun readily available to protect "himself, his drugs, and his ongoing drug trafficking business." *United States v. Castillo*, 406 F.3d 806, 815-16 (7th Cir. 2005); *see also United States v. Duran*, 407 F.3d 828, 840-41 (7th Cir. 2005). We have also recognized that illegally possessing a loaded gun and keeping it in close proximity to drugs suggests that its possession was to facilitate drug activity. *See Duran*, 407 F.3d at 840-41; *Castillo*, 406 F.3d at 815-16. That is Beard's case.

Counsel also considers arguing that Jury Instruction 16 misstates the law on the "in furtherance" element of § 924(c). Jury Instruction 16 states:

> Whether a firearm is possessed "in furtherance of a drug trafficking crime" is a question of fact to be decided by the jury. In answering this question, you may consider the following non-exclusive factors: 1) the type of drug activity that is being conducted; 2) the accessability of the firearm; 3) the type of weapon; 4) the status of the possession; 5) whether the gun was loaded; 6) the proximity of the gun to the drugs; and 7) the time and circumstances under which the gun was found.

No. 05-3762 Page 3

> The natural meaning of "in furtherance of" is furthering, advancing or helping forward. If you find that the defendant possessed the .357 caliber revolver, then you must decide whether the firearm helped further the possession and future distribution of the drugs found in the apartment.

We have recognized that all of the factors in the first paragraph are probative in determining "whether a gun was, in fact, possessed 'in furtherance' of the drug crime," and as we recognized above, the jury could properly consider such factors to convict Beard of violating § 924(c). *Castillo*, 406 F.3d at 815; *see Duran*, 407 F.3d at 840. Indeed, the Sixth and Tenth Circuits have adopted pattern jury instructions similar to the instruction the district court provided Beard's jury. *See* Pattern Crim. Jury Instr. 6th Cir. § 12.03 (2005); Pattern Crim. Jury Instr. 10th Cir. § 2.45.1 (2006). Giving an explicit instruction for evaluating this term of art did not prejudice Beard; rather, Jury Instruction 16 clarified the meaning of "in furtherance" for the jury. *See Castillo*, 416 F.3d at 821. Any argument that the district court erred in giving the instruction would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.